```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 05-186

KERRY DE CAY                            SECTION: "J" (1)
STANFORD BARRE
REGINALD WALKER
JULIUS LIPS, JR.
```

### ORDER AND REASONS

Before the Court is the **Motion of Defendant, Reginald Walker, for Pre-trial Determination of Objections to Co-Conspirators' Hearsay Statements** (Rec. Doc. 71) and the **Motion on Behalf of Stanford Barre for Pre-trial Determination of Admissibility of Co-Conspirator Testimony, Pursuant to Rule 801(d)(2)(E)** (Rec. Doc. 75). These motions were opposed by the Government (Rec. Doc. 107). This Court heard oral argument on these motions on April 26, 2006. For the reasons that follow, the Court finds that these motions should be DENIED.

**THE PARTIES' ARGUMENTS**

Defendants Walker and Barre essentially both argue that it would be proper and practical to make a pre-trial determination of admissibility of co-conspirator statements. Defendant Walker asserts that the Government must establish a conspiracy before admitting these statements into evidence, as established in

United States v. James, 576 F.2d 1121 (5th Cir. 1978).  Both defendants admit that the timing of this determination is within the Court's discretion - as long as it is before the statements are admitted into evidence.  They argue that based on the complexity of this case, an extensive contradictory hearing during the trial on this issue would not be practical and would not be in the interest of judicial economy.  Thus, Defendants request that these determinations be made pre-trial.

The Government, on the other hand, argues that requiring the Court to hold a pre-trial hearing on the admissibility of co-conspirator statements would essentially be requiring a "minitrial before the trial."  The Government argues that this was formerly referred to as a "James hearing" but is now an "outdated and unwarranted" procedure based on Bourjaily v. United States, 483 U.S. 171, 181 (1987), which held that co-conspirator statements themselves could be considered by the Court in determining admissibility.  The Bourjaily court concluded that a separate hearing on the admissibility of these statements is not necessary.  It reasoned that courts could admit these statements, subject to them being "connected up" later in the trial.  The Government claims that requiring a pre-trial determination on the admissibility of these statements would allow Defendants to circumvent Rule 16 of the Federal Rules Of Criminal Procedure and the rule that co-conspirator statements are only discoverable to the extent required by the Jencks Act, 18 U.S.C. § 3500.  In

essence, the Government argues that this request is "merely a ruse to gain access to discovery defendants are not entitled to receive."

**DISCUSSION**

Rule 801 of the Federal Rules of Evidence states that a co-conspirator's statement made during the course of and in furtherance of the conspiracy is not hearsay.  For a co-conspirator's statement to be admissible, the Government must prove by a preponderance of the evidence, that there was a conspiracy involving the declarant and the non-offering party, and that the statement to be admitted was made during the course and in furtherance of that conspiracy.  Bourjaily, 483 U.S. at 175. This determination is a preliminary fact question and is governed by Rule 104(a) of the Federal Rules of Evidence. In making this determination, the Court may consider the offered statements themselves.  Bourjaily, 483 U.S. at 171.   Notably, there is no requirement that the Court conduct a separate pre-trial hearing on the admissibility of such statements.  Id.

In a recent Eastern District opinion, Judge Duval refused a defendant's request to hold a pre-trial hearing to determine the admissibility of co-conspirator statements and, instead, chose to follow what he called the Court's "usual practice" of making such determination during trial at a brief bench conference.  United States v. Haydel, 2006 WL 851173 (E.D. La March 13, 2006).

This Court reaches the same conclusion here as Judge Duval

reached in the <u>Haydel</u> case. At this time, a pre-trial determination of the admissibility of co-conspirator statements is not necessary. The Court will allow statements to be offered at trial and will conduct a brief bench conference wherein the Court will base its admissibility decisions on whether the Government has met its burden of proof regarding the requisite predicates for conspiracy. The statements in question will be admitted as evidence for the jury's consideration if and only if the Court finds these predicates have been met. This practice should not be overly time-consuming, as defense counsel suggest, because "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(2). Accordingly,

**IT IS ORDERED** that the **Motion of Defendant, Reginald Walker, for Pre-trial Determination of Objections to Co-Conspirators' Hearsay Statements** (Rec. Doc. 71) and the **Motion on Behalf of Stanford Barre for Pre-trial Determination of Admissibility of Co-Conspirator Testimony, Pursuant to Rule 801(d)(2)(E)** (Rec. Doc. 75) should be and hereby are **DENIED**.

New Orleans, Louisiana this 28th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE