```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                  CRIMINAL ACTION

VERSUS                                    NO: 05-186

KERRY DE CAY                              SECTION: "J"
STANFORD BARRÉ
REGINALD WALKER
JULIUS LIPS, JR.
```

## ORDER AND REASONS

Before the Court is the **United States' Motion to Correct Clerical Errors in Invoice Numbering** (Rec. Doc. 203). This motion was unopposed by all defendants except Defendant Kerry DeCay. This Court now addresses this motion on the briefs alone. For the reasons that follow, the Court finds that this motion should be granted.

**The Parties' Arguments**

The Government wishes to correct 3 errors in the numbering of invoices found at page 18 of the superseding indictment, which were apparently transposed in typing. Specifically, the Government requests that the following changes be made:

(1) Count 14: substitute invoice number 1004 for 1003 (as to Check number 502836) and invoice number 1003 for 1004 (as to check 502837);

(2) Count 15: substitute invoice number 1010 for 1009 (as to Check 519185; and

(3)   Count 16: substitute invoice number 1009 for 1010 (as to check 527568).

The Government argues that the indictment can be amended as requested without return to the Grand Jury because these errors are merely typographical and are not substantive in nature.

Defendants Barre, Walker, and Lips do not oppose the Government's motion.  Defendant DeCay does oppose the motion and argues that the errors are substantive.  DeCay asserts that the Government cannot prevail on the three involved mail fraud counts without correctly matching a particular inflated invoice with a particular check-mailing.  DeCay claims that these numbers were correct in the original indictment and incorrect in the superceding indictment.  Thus, DeCay claims that the Government is asking the Court to determine that the original grand jury was correct and the superceding grand jury was wrong.

**DISCUSSION**

This Court concludes that the requested amendments are merely typographical corrections and should be allowed.  The Fifth Circuit has explained that an indictment may be amended without returning to the Grand Jury if the substance remains the same. U.S. v. Young Bros., 728 F.2d 682, 693 (5th Cir. 1984).  In Young Bros., the district court granted a mid-trial motion to amend the indictment to change "Young Brothers, Inc." to "Young Brothers, Inc. Contractors".  The Fifth Circuit determined that the district court had not erred in allowing the amendment

because the amendment merely corrected a misnomer.  The Court explained:

> A misnomer is a mistake of form which may be corrected by amending the indictment.  An amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense.

Id. at 693, internal citations omitted.

In United States v. Field, 875 F.2d 130 (7th Cir. 1989), the district court allowed the Government to amend the indictment to include the eleventh digit of the serial number for each money order that Defendant allegedly altered.  The Defendant argued on appeal that allowing this amendment violated his rights under the presentment and double jeopardy clauses of the Constitution.  The Seventh Circuit explained that while only a Grand Jury can materially amend the indictment, judicial amendments of an indictment are permitted as to matters of form or surplusage. The Seventh Circuit explained that the district court had not erred in allowing the amendment:

> The amendment to the indictment in this case corrected a typographical or clerical error. In other words, this amendment went to the form, and not to the substance of the indictment. United States v. Neff, 525 F.2d 361, 363 (8th Cir.1975) (trial court's amendment of the serial number of a weapon alleged in the indictment was permissible, because this was a correction of a typographical error going to form, and not to substance); see also United States v. Bush, 659 F.2d 163, 165-67 (D.C.Cir.1981) (amendment of indictment during trial to correct form number alleged in the indictment was permissible).

Id. at 134.

Last, in United States v. Kegler, 724 F.2d 190 (D.C. Cir.1983), the D.C. Circuit determined that the district court had not erred in allowing an amendment to correct the first name of the payee of a forged check.  The appellate court explained that there was no claim that the identity of the accused was misstated, or that the defendant was done any harm by the amendment.  The amendment did not change the nature of the crime charged or charge a different offense.  Thus, the Court determined that the amendment was permissible because it was one only of form, and the defendant's substantial rights were not prejudiced.

Here, as in Young Bros., Field, and Kegler, this Court determines that the requested amendments to the superceding indictment are merely clerical corrections, which do not affect the substance of the superceding indictment.  There is no possible prejudice to the defendants.  Accordingly,

**IT IS ORDERED** that the **United States' Motion to Correct Clerical Errors in Invoice Numbering** (Rec. Doc. 203) should be and hereby is **GRANTED**.

New Orleans, Louisiana this 8th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE